UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYAN E. ORSER, on behalf of himself and others similarly situated,

    Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.

CASE NO. C05-1507C

ORDER

I.  INTRODUCTION

This matter has come before the Court on Defendant's motion to dismiss Counts I and III of Plaintiffs' complaint. (Dkt. No. 9.) Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court has determined that no oral argument shall be necessary. For the reasons that follow, the motion is DENIED.

II.  BACKGROUND

Bryan E. Orser, the named plaintiff, brings this action on behalf of himself and others similarly situated who had residential mortgages "acquired by and/or serviced by" Defendant. (Compl. ¶ 7.) Plaintiffs allege that they "signed Promissory Notes for the amount of their loans and agreed to secure the Promissory Notes by signing Deeds of Trust for the benefit of the original lender, or signed mortgages

ORDER – 1

against their real property, for the amount of such loans." (*Id.* ¶ 8.)

Mr. Orser's deed of trust stated, in relevant part,

> Borrower, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property . . . together with all the improvements now or hereafter erected on the property . . . to secure to Lender the repayment of the indebtedness evidenced by Borrower's note dated 7/24/02 . . . in the principal sum of U.S. $28,000.00, with interest thereon . . .; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the [erformance of the covenants and agreements of Borrower herein contained.

(Compl. Ex. A ("Deed of Trust") at 1–2 *passim*.) The deed further provided

> **Reconveyance**. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

(*Id.* ¶ 20 (bold text in original).)

About two years after Mr. Orser obtained this loan, he sought to pay it off. The complaint alleges that "[w]hen Plaintiff . . . sought to pay off their loans, Defendant prepared a "Payoff Quote" document which itemized the amount due to Defendant." (Compl. ¶ 11.) The Payoff Quote provided to Mr. Orser lists the following amounts due:

```
Principal Balance                     27, 762.72
Interest Calculated To 07/15/2004        388.47
Recording Fee                             53.00
Payoff Statement Fee                      50.00
Total Amount Due:                    $28,254.19
```

(Compl. Ex. B ("Payoff Quote") at 1 (bold text in original).)

Mr. Orser paid the Payoff Fee of $50.00 at the time he paid off his loan, allegedly "in order to obtain a reconveyance of the Deed[] of Trust." (Compl. ¶ 11.)

About one year later, Mr. Orser filed this action challenging the Payoff Statement Fee on three grounds: (1) breach of contract, (2) the Washington Consumer Protection Act, WASH REV. CODE ch. 19.86, and (3) unjust enrichment. Defendant has now moved to dismiss Counts I and III of the complaint

ORDER – 2

as they pertain to the Payoff Statement Fee.

III.  ANALYSIS

    *A.  Applicable standard*

Fed. R. Civ. P. 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted. A court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). While a court must accept all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party, conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). In addition, a court's obligation to construe allegations in the light most favorable to the nonmoving party does not mean that those allegations must be construed in a light favorable to the nonmoving party, if such a construction cannot reasonably be made.

    *B.  Count I*

Plaintiffs' first count asserts a breach of contract cause of action. The complaint alleges in pertinent part that the contract in question "do[es] not provide that Defendant may charge a Payoff Statement Fee, a Recording Fee in excess of the actual cost of recording the reconveyance or satisfaction of mortgage, or other unspecified fees for providing a payoff itemization." (Compl. ¶ 24.) The complaint goes on to allege that "Defendant breached its contracts with Plaintiff and members of the Class by requiring Plaintiff and Class members to pay the Statement Delivery Fee . . . and/or other unspecified fees at the time the loans of Plaintiffs and members of the class were paid off." (*Id*. ¶ 25.)  These allegations together allege that Defendant required that Plaintiffs pay the statement fee before it would request that the trustee reconvey the property, in effect holding Plaintiffs' property hostage to collect the statement fee. (*See* Compl. ¶ 11 (alleging "Plaintiff[s] . . . paid a Payoff Statement Fee at the time they paid off their loans, *in order to* obtain a reconveyance of the Deeds of Trust").) This allegation locates

ORDER – 3

the alleged breach in Paragraph 20 of the Deed, which provides that "[u]pon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee." (Deed of Trust ¶ 20.)

Defendant urges that because it did both of these things, and because Plaintiffs do not allege otherwise, Plaintiffs cannot state a claim for breach based on this paragraph. This is incorrect. The express language of the paragraph requires that Defendant (the Lender) release the property *upon payment* of the *sums secured by the Deed of Trust*. This language does not permit Defendant to require payment of sums *not* secured by the Deed of Trust before it requests the Trustee to reconvey the property and before it surrenders the Deed. *See, e.g.*, *CKP, Inc. v. GRS Constr. Co.*, 821 P.2d 63, 74 (Wash. Ct. App. 1991) (finding that a defendant contractor who threatened to withhold payment unless the plaintiff subcontractor agreed to a contract modification requiring additional performance from the plaintiff subcontractor was in breach). Both parties agree that the Deed of Trust is silent with respect to sums not secured by the Deed. The parties also agree that the statement fee is not a sum secured by the Deed. Thus, Plaintiffs' claim that Defendant improperly required payment of the statement fee before it would make the required request to the Trustee and surrender the Deed is a cognizable breach of contract claim. Accordingly, the Court finds that Plaintiffs are entitled to offer evidence to support the allegation and Defendant's motion to dismiss Plaintiffs' contract claim must be DENIED.

C.  Count III

Plaintiffs allege "Defendant has been unjustly enriched by the charging and receipt of the fees referenced herein and Plaintiff and the Class are entitled to equitable restitution of these fees." (Compl. ¶ 31.) "A person has been unjustly enriched when he has profited or enriched himself at the expense of another contrary to equity." *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 741 P.2d 58, 64 (Wash. Ct. App. 1987) (citing *Lloyd v. Ridgefield Lumber Ass'n*, 231 P.2d 613, 620 (Wash. 1951)). "Enrichment alone will not trigger the doctrine; the enrichment must be unjust both under the

ORDER – 4

circumstances and as between the two parties to the transaction." *Bort v. Parker*, 42 P.3d 980, 991 (Wash. Ct. App. 2002) (citation omitted). *See also Chemical Bank v. Wash. Pub. Power Supply*, 691 P.2d 524, 544 (Wash. 1984).

The concepts of unjust enrichment and restitution, although not totally covalent, usually go hand-in-hand. *See Bort*, 42 P.3d at 990–91 (stating ""[a]lthough Washington courts have previously characterized unjust enrichment and quantum meruit as equitable forms of recovery, the two doctrines are better viewed as legal remedies in the form of restitution."). *See also* 26 WILLISTON ON CONTRACTS § 68:5 (4th ed. 2003) (noting that "[t]he Restatement of Restitution provides that a person who has been unjustly enriched at the expense of another is required to make restitution to the other") (citing RESTATEMENT OF RESTITUTION § 1)); 1 DAN B. DOBBS, LAW OF REMEDIES § 4:1(1) (2nd ed. 1993) (explaining that "restitution claims are bound by a major unifying thread. Their purpose is to prevent the defendant's unjust enrichment by recapturing the gains the defendant secured in a transaction") (also citing the RESTATEMENT § 1). A suit claiming unjust enrichment usually contemplates restitution as the measure of recovery. "Restitution based upon unjust enrichment cuts across many branches of the law, including contract, tort, and fiduciary relationships, but it also occupies much territory that is its sole preserve." 1 GEORGE E. PALMER, THE LAW OF RESTITUTION § 1.1 (1978). In other words, "[t]he law of restitution provides substantive rights that fill some of the cracks between the law of torts and of contracts." CLAUDE D. ROHWER & ANTHONY M. SKROCKI, CONTRACTS IN A NUTSHELL § 10.1 (5th ed. 2000).

In practice, restitution based on unjust enrichment is awarded through a mechanism called "quasi contract." *See, e.g.*, *Lynch v. Deaconess Med. Ctr.*, 776 P.2d 681, 683 (Wash. 1989) (stating that "[q]uasi contracts are founded on the equitable principle of unjust enrichment"). "Quasi contracts," also known as "contracts implied in law," arise "from an implied legal duty or obligation. *Id*. It is this connection between unjust enrichment and a concept often characterized as an implied contract that has prompted Defendant to argue that Plaintiffs' claim for unjust enrichment must be dismissed because "a

ORDER – 5

party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *United States ex rel. Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1204 (9th Cir. 2002) (citing *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (1943)).

While Defendant correctly states the principle of law, it is not squarely applicable to the present case. The "matter" at the center of Plaintiffs' claim for unjust enrichment is Defendant's collection of the $50.00 Payoff Statement Fee, whereas the "matter" of the acknowledged contract is the agreement between a borrower and a lender to secure a promissory note with the deed of trust relating to a piece of real property. Indeed, Defendant argues that the Deed of Trust is silent with respect to its right to collect a payoff statement fee and that there are reasons not to imply a term prohibiting the collection of such a fee. (Def.'s Reply 3:21–9:6.) *Cappellini v. Mellon Mortgage Co.*, 991 F. Supp. 31 (D. Mass. 1997), a Massachusetts case heavily relied upon by Defendant, concluded that a similarly worded document simply did not address the kinds of fees challenged by Cappellini.

> Neither one of the positions held by the parties is persuasive as support for a blanket permission or ban on charges not enumerated in the contracts . . . . It would be difficult for form notes and mortgages that cover long time periods to anticipate and include each and every such incidental special request made by a borrower.

991 F. Supp. at 39. Thus, it would appear that a remedy fashioned on the basis of an implied contract would neither be about the "same matter" nor in "direct contravention" to the acknowledged express contract.

In addition, the Court is hesitant to equate a remedy based on "quasi contract" with an implied contractual obligation. "Labels are labels and one should be as good as another, but the term *quasi contract* is an unfortunate one because the substantive right that is being discussed has little to do with the law of contract. Restitution involves a liability imposed by society for reasons of public policy." ROHWER & SKROCKI at § 10.1.4.

For these reasons, the Court does not find that Plaintiffs' acknowledgment of a valid express

ORDER – 6

contract forecloses the possibility of a recovery in restitution based on unjust enrichment.

A claim for unjust enrichment must contain three elements: (1) "a benefit conferred upon the defendant by the plaintiff"; (2) "an appreciation or knowledge by the defendant of the benefit"; and (3) "the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991). In the present case, there is no dispute that the first two elements exist—Plaintiffs paid Defendant a $50.00 Payoff Statement Fee and Defendant knowingly accepted the fee. As to the third, Plaintiffs complaint alleges that Plaintiffs paid the fee "at the time they paid off their loans[] in order to obtain a reconveyance of the Deeds of Trust" (Compl. ¶ 11) and that Defendant's charging and receipt of the fee constituted unjust enrichment (*id.* ¶ 31).

In light of these allegations, the Court does not find that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46. Defendant's motion to dismiss Plaintiffs' claim for unjust enrichment is therefore DENIED.

IV. CONCLUSION

In accordance with the above, Defendant's motion is DENIED.

SO ORDERED this 20th day of December, 2005.

John C Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7