UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN ORSER,

    Plaintiff,

    v.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.

Case No. C05-1507RSL

ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED CLASS SETTLEMENT

This matter comes before the Court on plaintiff's motion for preliminary approval of a proposed class action settlement. Although the motion is unopposed, the Court denies the motion for several reasons.

First, there is no evidence that the parties have provided notice of the proposed settlement to the appropriate state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). The statute requires that the notice be provided "[n]o later than 10 days after a proposed settlement of a class action is filed in court." 28 U.S.C. § 1715(b). The Court will not preliminarily approve the proposed settlement until the required notice has been provided.

Second, the motion contains insufficient information for the Court to determine whether the requirements of Rule 23 have been met. The motion does not state how many putative class members exist, or how much they paid to defendant in allegedly wrongful fees.

ORDER DENYING MOTION FOR PRELIMINARY
APPROVAL OF THE PROPOSED CLASS SETTLEMENT - 1

1    Third, section IV.F of the proposed notice states that a copy of the settlement agreement can be obtained from the Clerk of the Court. That provision should also state that class members can obtain a copy of the settlement agreement from plaintiffs' counsel.

Fourth, the proposed order states, at paragraph six, that the "Settlement Administrator and Defendant shall also have discretion to revise the Class Notice and Claim Form before mailing, with the consent of Class Counsel." Once the Court approves the Class Notice and Claim Form, the parties and counsel may not make changes to either document unless they obtain authorization to do so from the Court.

Fifth, the proposed order states that any class member who successfully opts-out will not have standing to seek to intervene in the action. The Court will not preclude any attempt to intervene in advance. Rather, if a potential class member seeks to intervene, the Court will consider the issue when and if it is raised via an appropriate motion.

Sixth, the proposed order states that potential class members who wish to object must *serve* any objections on class counsel, which is inconsistent with the proposed notice. In addition to the inconsistency, the Court will not require class members to "serve" their objections or their notices of appearance. Rather, they can mail them to the Court and to class counsel.

Seventh, the proposed order and the proposed notice attempt to drastically limit what potential class members and opt-outs can say and do. Paragraph 24 of the proposed order purports to preliminarily enjoin class members from, among other things, assisting others in related lawsuits or organizing class members or opt-outs into a separate lawsuit. Similarly, paragraph 25 purports to prohibit class members from initiating communications with other class members. The proposed notice incorporates these problematic provisions. The Court will not limit what potential class members may say or do in these ways. Those provisions should be removed from the proposed order and the proposed notice.

For all of these reasons, plaintiff's motion for preliminary approval of the class action

settlement (Dkt. #69) is DENIED. Plaintiff may move again for preliminary approval if he remedies the deficiencies outlined above.

DATED this 6th day of January, 2009.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR PRELIMINARY
APPROVAL OF THE PROPOSED CLASS SETTLEMENT - 3