UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN E. ORSER, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | NO. C 05-1507RSL<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

The Court, based on the facts of record, the submissions and argument of counsel, and being otherwise fully advised in the premises, hereby makes the following:

**<u>FINDINGS OF FACT</u>**

1. This case was filed on July 28, 2005 in King County, Washington Superior Court by the Plaintiff, Bryan Orser ("Plaintiff" or "Orser"), as a putative class action to recover against Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS") for breach of contract, unjust enrichment, and violations of Washington's Consumer Protection Act, RCW Chapter 19.86.

2. SPS removed the matter to this Court on September 1, 2005.

3. Plaintiff had a loan secured by a Deed of Trust on his residence that was serviced by

SPS. Plaintiff alleges that when he paid off his loan, SPS charged him a Payoff Statement Fee and a recording fees not permitted by the Deed of Trust, or any other loan document. Plaintiff further alleges that these fees were not secured by the Deed of Trust, and that SPS required him to pay these fees before it would agree to reconvey the Deed of Trust, causing him to suffer money damages.

4. On October 12, 2005, SPS moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). The Court denied SPS's motion in its entirety on December 20, 2005.

5. The parties engaged in discovery. Both parties propounded and answered interrogatories and requests for production of documents, and both parties conducted depositions of witnesses and parties.

6. On December 21, 2006, the parties mediated their claims before Judge Terence Lukens, Ret., of JAMS. The parties did not reach a settlement during the mediation.

7. On January 17, 2006, Plaintiff moved for leave to file his First Amended Complaint, to more specifically assert the facts supporting his claims. The Court granted the motion for leave to amend on February 1, 2006, and the Amended Complaint was filed that same day.

8. Beginning in approximately late Summer 2007, the parties began active settlement negotiations. These settlement negotiations resulted in a settlement in principle in or about late November 2007. The settlement in principle was expressly conditioned upon the negotiation and execution of a mutually agreeable written settlement agreement and related documents.

9. Over the course of approximately nine months, the parties drafted and negotiated the Settlement Agreement and related documents. During this period, frequent additional negotiations were necessary over specific terms and language of the Settlement Agreement and related documents. The parties executed the original Settlement Agreement in November 2008.

10. Plaintiff moved for preliminary approval of the settlement. On January 6, 2009, the Court denied Plaintiff's Motion for Preliminary Approval, and identified several issues with the Settlement Agreement that required further negotiation between the parties to resolve. Following those negotiations, the parties reached agreement on, and executed, an Amended Settlement Agreement on or about March 13, 2009.

11. On March 17, 2009, Plaintiff moved for preliminary approval of the Amended Settlement Agreement. The Court granted preliminary approval of the Amended Settlement Agreement on April 14, 2009.

12. In late May 2009, the parties discovered that Plaintiff may not have been a member of the proposed Settlement Class as defined in the Amended Settlement Agreement. The parties engaged in additional negotiations for, and executed, a modification of the Amended Settlement Agreement to redefine the proposed Settlement Class. Plaintiff moved for approval of the modification to the Amended Settlement Agreement. On July 27, 2009, the Court denied the motion for approval of the modification to the Amended Settlement Agreement. The Court required additional evidence that Plaintiff had standing to represent the redefined Settlement Class as Class Representative. The Court additionally withdrew preliminary approval of the proposed settlement.

13. On August 10, 2009, Plaintiff moved for reconsideration of the Court's July 27, 2009 Order denying approval of the motion to approve the modification to the Amended Settlement Agreement and withdrawing preliminary approval of the proposed settlement. On August 14, 2009, the Court granted the motion for reconsideration, thereby approving the redefined proposed Settlement Class, again preliminarily approving the proposed settlement, and approving the form of notice to the Class for the proposed settlement. The Order certified a Class, for settlement

purposes, of:

> All persons, excepting only Curry Settlement Class Members, who, during the period from July 28, 1999 to September 1, 2008, paid a Payoff Statement Fee and/or Recording Fee to Select Portfolio Servicing, Inc. (f/k/a Fairbanks Capital Corp.) In connection with a Loan secured by real property located in the State of Washington, excepting only those Curry Settlement Class Members who were charged a Payoff Statement Fee and/or Recording Fee by SPS prior to December 11, 2003.

Plaintiff Bryan Orser was appointed as Representative for the Settlement Class, and Mark Griffin of Keller Rohrback L.L.P.; Rob Williamson of Williamson & Williams; and Guy W. Beckett of Beckett Law Offices, PLLC were appointed Class Counsel.

14. SPS does not have complete information available concerning which Class Members paid Payoff Statement Fees and how much in recording fees each Class Member paid. Not all Class Members paid Payoff Statement Fees and the recording fees paid by Plaintiff, and if they did, the amounts they paid may not have been the same amounts paid by Plaintiff. Plaintiff paid a $50 Payoff Statement Fee and recording fees of $53. Pursuant to the proposed settlement, SPS created a Settlement Fund of $330,00, from which would be paid (1) Claims of Class Members; (2) Settlement Administration expenses (up to $20,000); Class Counsel's fees and expenses (up to an aggregate of $102,500); and the Class Representative's incentive fee. Any portion of the $330,000 fund not distributed for any of these categories will be paid to a non-profit organization selected by SPS which is reasonably acceptable to Class Counsel and the Plaintiff, and approved by the Court. Pursuant to the proposed Settlement, each Class Member who timely returned a properly completed Claim Form will receive a $50 payment from the Settlement Fund.

15. The Settlement Administrator mailed notice of the proposed settlement to all 11,459 Class Members. 2,045 notices were returned to the Settlement Class Administrator, and of those returns, 44 envelopes had forwarding address information and notice was resent to the new address

FINDINGS OF FACT
AND CONCLUSIONS OF LAW - 4

for those 44 notices. The remaining 2,001 returned notices were not remailed. The notices informed Class Members that Class Counsel would be seeking an award of up to $102,500 for attorney's fees and expenses.

16. As of November 25, 2009, 850 valid and timely Claim Forms had been returned to the Settlement Administrator by Class Members. In addition, as of November 25, 2009, 38 invalid Claim Forms had been returned to the Settlement Administrator by Class Members. The postmark deadline for Valid Claim Forms has been extended up to and including November 30, 2009. This increases the number of valid and timely Claim Forms returned to the Settlement Administrator to 866. In addition, Class Counsel may, at their sole discretion and cost, contact those Class Members who submitted incomplete Claim Forms postmarked on or prior to November 30, 2009, to provide them the opportunity to properly complete their Claim Forms. Those Class Members shall have until December 31, 2009 to submit Valid Claim Forms to the Settlement Administrator, and such Claim Forms shall be deemed timely if postmarked on or before December 31, 2009, and otherwise meet the criteria for a Valid Claim Form.

17. Only two Class Members opted out of the proposed settlement. There have been no objections filed or served by any Class Members to the proposed settlement or the attorney's fees and expenses payable thereunder. No objection to an award of compensation to the Plaintiff as Class Representative has been filed or served by any Class Member.

18. The lodestar value of Class Counsel's time, billed at their regular rates, was $351,974.80 as of December 1, 2009.

19. During the course of this litigation, Class Counsel has advanced costs and expenses in the total amount of $11,455.26 as of December 1, 2009. This amount does not include Westlaw

legal research charges that were incurred for this case by Beckett Law Offices, PLLC and Williamson & Williams. To date, none of these costs and expenses has been reimbursed to Class Counsel. In addition, Class Counsel has incurred unreimbursed expenses of at least $12,866.58 for other cases based on similar facts and legal theories, which they state has benefitted the Plaintiff in this case.

20. Class Counsel undertook this action without participation by any other firm and was solely responsible for its outcome.

21. The Class Representative, Bryan Orser, responded to discovery and was deposed, and assisted with the prosecution of this lawsuit.

22. The Court is satisfied that its knowledge of the proceedings, including discovery, motions to amend, to dismiss, for preliminary approval of the proposed settlement, for reconsideration, and for final approval of the proposed settlement, and the briefing and argument related thereto, is adequate for purposes of considering the reasonableness of Class Counsel's fee request.

From the foregoing Findings of Fact, the Court hereby makes the following:

## **CONCLUSIONS OF LAW**

1. Class Counsel's petition for an attorneys' fee award of $82,500.00, which is 25% of the Settlement Fund, is reasonable and is approved.

2. This fee award satisfies the lodestar cross-check because it amounts to only about 23% of the lodestar amount of fees incurred by Class Counsel in prosecuting this case.

3. Class Counsel's request for an award of $20,000 for expenses incurred is not approved. Class Counsel have submitted declarations to show that they have advanced costs and

expenses in the total amount of $11,455.26 as of December 1, 2009. Their request for costs and expenses of $11,455.26 is fair and reasonable under the circumstances and is approved. However, the Court will not award the full $20,000 requested because Class Counsel have not shown that they incurred that amount of costs and expenses. Although Class Counsel cites cases in which courts have awarded additional fees for work performed in other cases that benefitted the current case, they have not cited cases in which courts approved excess costs and expenses on that basis. Furthermore, the excess costs and expenses are not documented or substantiated. Rather, Class Counsel vaguely assert that they incurred additional expenses related to computerized research and request that the Court extrapolate their costs from what other counsel incurred. The Court will not award costs and expenses that could have been, but were not, substantiated. Nor will the Court award all three plaintiffs' law firms the same costs for legal research, which could improperly reward the duplication of efforts.

    4.  An award of $5,000 to the Class Representative, Bryan Orser, is fair and reasonable under the circumstances and is approved.

    5.  After the claims administrator is paid out of the Settlement Fund and claims are paid to Class Members, the remainder of the Settlement Fund will be paid to a non-profit organization selected by SPS that is reasonably acceptable to Plaintiff and Class Counsel. SPS should obtain Court approval before delivering any portion of the Settlement Fund to the *cy pres* recipient and shall

file a report with the Court accounting for all distributions from the Settlement Fund.

DATED this 2nd day of December, 2009.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

FINDINGS OF FACT
AND CONCLUSIONS OF LAW - 8